IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK LEO SHORTY,<br><br>            Petitioner,<br><br>vs.<br><br>EARL L. HOUSER, Superintendent III,<br>Goose Creek Correctional Center,<br><br>            Respondent. | No. 3:19-cv-00223-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 2 and<br>Directing Service and Response] |

On August 13, 2019, Patrick L. Shorty, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Shorty challenges the judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-03-7796CR. *Id.* at 1. Shorty contends that his conviction should be overturned because it was obtained through an unlawful arrest and unconstitutional search and seizure, and his trial, appellate, and post-conviction relief counsel rendered ineffective assistance. *Id.* at 5. Shorty asserts that the grounds for relief raised in his Petition have been brought in the Alaska state courts, including the Alaska Supreme Court, as required by § 2254(b). Docket No. 1 at 5-6.

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. *See* 28 U.S.C. § 2243. After a preliminary review, it does not plainly appear from his Petition that Shorty is not entitled to relief.[1]

Shorty concurrently moves for the appointment of counsel to assist him in these proceedings. Docket No. 2. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

At this time, Shorty's request for counsel is premature. The Court cannot determine whether appointment of counsel is warranted in this case until it is able to thoroughly review the

---

[1] The Petition indicates that Shorty filed a petition for post-conviction relief in state court on October 15, 2012, Case No. 3AN-09-11007CI, more than three years after his convictions for first-degree sexual assault, resisting or interfering with arrest, and fourth-degree assault were affirmed by the Alaska Court of Appeals in Case No. A-9942. If true, the delay in filing would raise timeliness concerns given the one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction under 28 U.S.C. § 2244(d)(1). The Court takes judicial notice, however, that the records of the Alaska Court System indicate that Case No. 3AN-09-11007CI was filed on October 5, 2009. *See* http://records.courts.alaska.gov. Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

briefing in its entirety. The Court will therefore deny, without prejudice to renew, Shorty's motion for appointment of counsel. The Court will not reconsider a motion to appoint counsel until it has thoroughly reviewed Respondent's answer to the Petition.

**IT IS THEREFORE ORDERED:**

1. The motion at Docket No. 2 for appointment of counsel pursuant to 18 U.S.C. § 3006A is **DENIED WITHOUT PREJUDICE.**

2. The Clerk of the Court is directed to serve this order and the Petition at Docket No. 1 on:

> Tamara DeLucia
> Office of Criminal Appeals
> 1031 W. 4th Ave, Suite 200
> Anchorage, Alaska 99501

3. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the Respondent.[2] **Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall immediately—and in no more than fourteen (14) days from the date of this order—file a notice of appearance.**

4. Respondent shall file and serve either an answer or a motion in response to the Petition within sixty (60) days from the date of this Order. *See* Rule 4, Rules Governing § 2254 Cases. The Court also notes its preference that procedural issues be addressed concurrently with the merits of the habeas petition. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4 and 5, Rules Governing § 2254 Cases. This should include a copy of:

> (1) any brief that the Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in

---

[2] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 regarding service.

     a post-conviction proceeding;

     (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

     (3) the opinions and dispositive orders of the state appellate courts relative to the conviction or sentence.

5.  Shorty's reply, if any, shall be filed and served within thirty (30) days of service of an answer.

Dated at Anchorage, Alaska this 28th day of August, 2019.

                s/James K. Singleton, Jr.
                JAMES K. SINGLETON, JR.
                Senior United States District Judge